IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ARTURO SANTALIZ-RIOS,

    Plaintiff

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

    Defendants

CIVIL NO. 10-1471 (JP)

**OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss (**No. 5**), Plaintiff's opposition thereto (No. 8), and Defendants' reply (No. 13). Plaintiffs brought this lawsuit against Defendants pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and Puerto Rico law. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated herein, Defendants' motion is hereby **GRANTED**.

**I.**    **FACTUAL ALLEGATIONS**

Plaintiff in this case is Luis Arturo Santaliz-Rios ("Santaliz"). Plaintiff was an employee of Defendant Monarch Pharmaceuticals, Inc. ("Monarch") which is a subsidiary of Defendant King Pharmaceuticals, Inc. Defendant Monarch allegedly offers the King Pharmaceutical Welfare Benefit Plan (the "Plan") to its employees. The Plan is an employee welfare benefit plan which is covered by ERISA. Defendant Metropolitan Life Insurance Company

CIVIL NO. 10-1471 (JP)        -2-

("Met Life") is the insurance company which allegedly provides coverage for disability benefits for the Plan under Insurance Group Policy No. 5544998-G.

Plaintiff alleges that while working at Monarch he participated in the Plan and accepted the long term disability benefits offered under the Plan. However, on September 17, 2001, Plaintiff left his employment with Defendant Monarch because he allegedly became disabled. Plaintiff states that under the disability benefits of the Plan he was provided $2,111.22 per month from September 18, 2001 until December 16, 2003.

On December 16, 2003, Defendants Met Life and Monarch allegedly ceased providing Plaintiff with long term disability benefits. Plaintiff states that the discontinuation of said benefits was done without the proper evaluation and examination of Plaintiff's bipolar disorder. On February 27, 2004, Defendant Met Life denied Plaintiff's request for reconsideration of the decision to discontinue Plaintiff's benefits. Plaintiff alleges that he has been receiving continuous medical treatment and has been hospitalized due to his bipolar disorder and deteriorating health.

Plaintiff then brought this action to recover disability benefits allegedly due under the Plan. Plaintiff alleges that Defendants violated ERISA by not providing the Plan rules document and the Plan summary description. Plaintiff was also allegedly not provided with the procedures for benefits claims, and was not

CIVIL NO. 10-1471 (JP)            -3-

provided with information on the designation and delegation of fiduciary responsibility among Defendants. Without said information, Plaintiff states that he was not provided with an adequate review of his disability claim and requests that Defendant Met Life pay Plaintiff the amount of unpaid disability benefits.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969).  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 10-1471 (JP)          -4-

## III. **ANALYSIS**

Defendants move for the Court to dismiss Plaintiff's complaint arguing that the ERISA claim is time-barred.[1] Plaintiff opposes the argument. The Court will now consider the parties' arguments.

### A.   **ERISA**

ERISA governs any "employee benefit plan" established or maintained by an employer engaged in commerce. 29 U.S.C. § 1003(a). An "employee welfare benefit plan" or "welfare plan" includes "any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1).

Defendants argue that Plaintiff's ERISA claim fails because his claim is time-barred. Plaintiff argues that the action is not time-barred because the statute of limitations in this case was tolled.

---

[1] Defendants also argue that Plaintiff's Puerto Rico law claims fail because they are preempted by ERISA. Plaintiff did not oppose Defendants' argument. After considering the argument, the Court agrees with Defendants and finds that Plaintiff's state law claims are preempted by ERISA. Aetna Health, Inc. v. Davila, 542 U.S. 200, 208-09 (2004); see also Alamo Rodriguez v. MCS Life Insurance Co., 283 F. Supp. 2d 459, 467-68 (D.P.R. 2003).

CIVIL NO. 10-1471 (JP)           -5-

**1.   Statute of Limitations**

Under ERISA, a participant or beneficiary of an employee welfare benefit plan may bring a civil action to recover benefits allegedly due to him or her under said plan. 29 U.S.C. § 1132(a)(1)(B). However, Congress did not set a statute of limitations for actions under Section 1132(a)(1)(B). Nazario-Martinez v. Johnson & Johnson Baby Products, Inc., 184 F. Supp. 2d 157, 159 (D.P.R. 2002). In such situations, courts borrow the most analogous statute of limitations from the jurisdiction where the Court sits. Id. (citing Wilson v. Garcia, 471 U.S. 261 (1985)).

However, courts need not choose from which statute to borrow a limitations period when "'the parties have contractually agreed upon a limitations period,' provided the limitations period is reasonable." Rios-Coriano v. Hartford Life and Accident Insurance Co., 642 F. Supp. 2d 80, 83 (D.P.R. 2009) (quoting Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998)).

In the instant case, Defendants argue that the three year limitations period found in the group policy referenced in Plaintiffs' complaint is reasonable.[2] Specifically, said clause

---

[2] "Although consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken." Maldonado-Cordero v. AT&T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999). In the instant complaint, Plaintiff

CIVIL NO. 10-1471 (JP)    -6-

states "[n]o legal action of any kind may be filed against [Met Life]: [(1)] within the 60 days after proof of Disability has been given; or [(2)] more than three years after proof of Disability must be filed."[3] Plaintiff does not oppose Defendants' argument. The Court will not waste time on this issue. This Court has previously determined that a three year contractual limitations period is reasonable. Rios-Coriano, 642 F. Supp. 2d at 83. The Court sees no reason, and Plaintiff has provided no reason, as to why the Court should not follow its previous decision. As such, the Court finds the three year limitation reasonable.

---

incorporates by reference the certificate of insurance of group insurance policy 5544998-G issued by Met Life (No. 1, p. 2 ¶ 4). Said policy funds or insures payment of long term disability benefits and contains a three year limitations period for any kind of legal action. Since said document was incorporated by reference to the complaint, the Court may consider it without converting the motion into one of summary judgment.

[3] Also, with regard to the three year limitation, the group policy states "[t]his will not apply if the law in the area where you live allows a longer period of time to file proof Disability." The Court has not found, and Plaintiff has not pointed to, any source of law in Puerto Rico which sets a longer term for submission of proof of disability under an insurance policy. In fact, Article 16.110 of the Insurance Code, which governs individual disability policies, sets a ninety day term for submission of proof of loss by claimant. P.R. Laws. Ann. tit. 26, § 1611. However, nothing in the chapter on individual disability policies, including Article 16.110, shall apply to or affect "any blanket or group policy of insurance." P.R. Laws Ann. tit. 26, § 1601. Further, chapter seventeen of the code which governs group disability insurance neither sets nor prohibits the insurer from setting a term for submission of proof of disability in group disability policies. P.R. Laws Ann. tit. 26, §§ 1701-1708. As such, the local-law exclusion is not applicable in this case.

CIVIL NO. 10-1471 (JP)           -7-

Based on the three year limitations period, the Court finds that Plaintiff's ERISA claim is time-barred. Based on the limitations clause found in the insurance policy, the three year period begins to run at the end of the term for submitting proof of disability. Under the insurance policy, proof of disability had to be provided within three months after the end of the Elimination period (No. 5-1, p. 23). The Elimination period is a ninety day period of continuous disability commencing on the day the participant becomes disabled (No. 5-1, pp. 7 and 11).

In his complaint, Plaintiff alleges that he became disabled on September 17, 2001. Thus, Plaintiff's Elimination period ended on December 16, 2001 and the period for Plaintiff to provide proof of disability expired on March 16, 2002. Since the insurance policy stated that no legal action shall be brought more than three years after proof of disability must be filed, Plaintiff's limitations period commenced on March 17, 2002[4] and ended on March 17, 2005. Accordingly, Plaintiff's claim is time-barred since he did not file the instant action until May 28, 2010.[5]

---

[4] The Court notes that, even if the three year period had not commenced until Met Life's final determination on February 27, 2004, Plaintiff's complaint would still be time-barred because it was filed on May 28, 2010. That is more than six years after Met Life's final determination.

[5] Plaintiff attempts to argue that his cause of action did not accrue because the determination on his plan was not made by a plan fiduciary. Said argument fails. The certificate of insurance itself makes clear that Met Life is responsible for reviewing and making

CIVIL NO. 10-1471 (JP)         -8-

### 2.  Tolling of Statute of Limitation

Plaintiff states that the statute of limitations in this case should be tolled because Plaintiff filed a separate complaint on December 15, 2004 and because of the complexity of Plaintiff's condition and the time required to establish Plaintiff's bipolar condition.[6]

Plaintiff's arguments fail as a matter of law because the Plan's three year limitations period is not subject to tolling. <u>Ortega-Candelaria v. Johnson & Johnson</u>, 2009 WL 1812423, at *3 (D.P.R. June 25, 2009). Furthermore, even if the three year limitations period was subject to tolling, the Court would still finds Plaintiff's claim time-barred.  With regard to Plaintiff's argument about the complexity of Plaintiff's condition, said argument fails because the Court has not found any source of law which would justify tolling the statute of limitations under said circumstances. In his opposition,

---

determinations on claims (No. 5-1). Entities making "discretionary decisions regarding eligibility for plan benefits . . . must be treated as plan fiduciaries." <u>Aetna Health Inc.</u>, 542 U.S. at 220. "Classifying any entity with discretionary authority over benefits determinations as anything but a plan fiduciary would [] conflict with ERISA's statutory and regulatory scheme." <u>Id.</u> As such, the Court disagrees with Plaintiff and finds that Met Life is a plan fiduciary.

[6] In support of Plaintiff's arguments regarding the complexity of his condition, Plaintiff submitted multiple documents, such as an expert report, which go beyond the pleadings. In such circumstances, the Court can either exclude said documents or treat the motion as one for summary judgment. <u>FAC, Inc. v. Cooperativa de Seguros de Vida</u>, 106 F. Supp. 2d 244, 246 (D.P.R. 2000). Because said documents add nothing to the Court's analysis on the tolling issue, the Court will exclude said documents.

CIVIL NO. 10-1471 (JP)            -9-

Plaintiff simply concludes, without citing to any legal authority, that because of the complexity of his alleged bipolar condition and the time required to establish said condition the statute of limitations should be tolled. This will not do.

Also, Plaintiff argues that the statute of limitations was tolled by the complaint he filed in State court on December 15, 2004. Plaintiff states that said case was dismissed without prejudice on June 20, 2005. Even taking Plaintiff's allegations as true, his claims are still time-barred. Once the State court case was dismissed without prejudice on June 20, 2005 the limitations period was reset and began to run again from that date. Feliciano v. Puerto Rico, 688 F. Supp. 2d 41, 45 (D.P.R. 2009) (citing Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 408 (1st Cir. 2009)). As such, the three year limitations period would have ended on June 20, 2008. Since Plaintiff did not file the complaint in this case until May 28, 2010, Plaintiff's action is time-barred.

Therefore, the Court finds that Plaintiff's ERISA claim against Defendants is time-barred.

CIVIL NO. 10-1471 (JP)           -10-

## IV. **CONCLUSION**

Thus, the Court **GRANTS** Defendants' motion to dismiss. In accordance with this Opinion and Order, the Court will enter a separate judgment dismissing Plaintiff's complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of December, 2010.

                                            s/José Antonio Fusté
                                              JOSÉ ANTONIO FUSTÉ
                                           CHIEF U.S. DISTRICT JUDGE